# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:13-CR-00022-TBR-LLK

UNITED STATES OF AMERICA,                                        Respondent/Plaintiff,

v.

BARRY KENTON BEARD,                                         Movant/Defendant.

## MEMORANDUM OPINION AND ORDER

Barry Kenton Beard, a federal inmate, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He advances claims of ineffective assistance of counsel and of prosecutorial misconduct on the part of Assistant United States Attorney Mac Shannon. In anticipation of the approaching evidentiary hearing, Beard asks the Court to disqualify AUSA Shannon from representing the Government in this matter. Because there is no compelling and legitimate need to call AUSA Shannon as a witness, though, Beard's Motion to Disqualify, R. 116, is **DENIED**.

## I.

### A.

On May 14, 2013, Barry Kenton Beard was charged with conspiring to possess methamphetamine for intended distribution, aiding and abetting the possession of methamphetamine for intended distribution, aiding and abetting the maintenance and control of a place for controlled substances, and being a felon in possession of a firearm. *See* R. 1 at 1–3 (Indictment). He filed a motion to suppress on September 18. *See* R. 24 at 1 (Motion to Suppress). The Court scheduled a suppression hearing for October 29, and referred the matter to Magistrate Judge Lanny King for a report and recommendation. *See* R. 28 at 1 (Order of Referral).

1

Sometime between September 18 and October 29, the Government offered Beard a plea bargain. In detail, the Government proposed to recommend, at the time of sentencing, a term of imprisonment of 46 months with three years of supervised release. R. 46 at 6, ¶ 10 (Plea Offer). The Government's offer was contingent, however, on Beard withdrawing his motion to suppress prior to the scheduled hearing. *See* R. 106-1 at 3, ¶ 3.e (Box's Affidavit). It appears as if Beard rejected the offer. *See id.* at 3–4, ¶ 3.f. Subsequently, Magistrate Judge King recommended that the Court deny Beard's motion, *see* R. 39 at 14 (Report and Recommendation), and the Court adopted that suggestion, *see* R. 49 at 5 (Memorandum Opinion and Order), over Beard's objection, *see* R. 42 (Objection to Report and Recommendation).

Following the Court's disposition of that motion, the Government extended a second offer to Beard—though, this time, on much less favorable terms. *See* R. 55 at 4, ¶ 10 (Plea Agreement). Nonetheless, Beard accepted the Government's offer on May 15, 2014. *Id.* at 1–2. Consistent with the parties' agreement, the Court sentenced Beard to 180 months imprisonment and five years of supervised release. *See* R. 75 at 3 (Judgment). Beard appealed his sentence, *see* R. 79 at 1 (Notice of Appeal), which the Sixth Circuit Court of Appeals affirmed by unpublished opinion, *see* R. 92 at 2–5 (Opinion).

**B.**

On August 17, 2015, Beard filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* R. 97 at 13 (Motion to Vacate, Set Aside, or Correct Sentence). He raises claims of ineffective assistance of counsel, *id.* at 4–6, and of prosecutorial misconduct on the part of Assistant United States Attorney Mac

Shannon, *id.* at 7. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred Beard's motion to Magistrate Judge King for his consideration, *see* R. 99 at 1, ¶ 3 (Order of Referral), and Magistrate Judge King recommended that the Court deny Beard's motion, *see* R. 108 at 11 (Findings of Fact and Recommendation). Beard objected to that disposition. *See* R. 109 at 1–2 (Objection to Findings of Fact and Recommendation). Reviewing the record in light of Beard's objection, the Court appointed counsel for him and scheduled an evidentiary hearing. *See* R. 113 at 1 (Order of April 1, 2016). Now, Beard asks the Court to disqualify AUSA Shannon from representing the Government in this matter. *See* R. 116 at 1 (Motion to Disqualify).

## II.

It is well established that, absent extraordinary circumstances, an attorney representing the Government cannot act both as a prosecutor and as a witness. *See United States v. Johnston*, 690 F.2d 638, 642–43 (7th Cir. 1982) (en banc). Because requests for such testimony are disfavored, a "defendant seeking to call the prosecutor as a witness must demonstrate that the prosecutor's testimony is 'vital' to his case, and that he will be unable to present the same or similar facts from another source." *United States v. Atman*, 145 F.3d 1333, 1998 WL 211767, at \*4 (6th Cir. 1998) (unpublished table decision) (citing *United States v. Watson*, 952 F.2d 982, 986–87 (8th Cir. 1991)); *accord United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997) ("A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so." (citing *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975))); *United States v. Newman*, 476 F.2d 733, 738 (3d Cir. 1973); *United States v. Brothers*, 856 F. Supp. 388, 391 (M.D. Tenn. 1993). The Court enjoys much discretion in making that

determination and may, "without abusing its discretion, refuse to allow the defense to call as a witness the United States Attorney trying the case." *United States v. Ziesman*, 409 F.3d 941 (8th Cir. 2005) (quoting *Gajewski v. United States*, 321 F.2d 261, 268 (8th Cir. 1963)); *accord United States v. Troutman*, 814 F.2d 1428, 1439–40 (10th Cir. 1987).

### III.

Beard asks the Court to disqualify AUSA Shannon since his testimony might be necessary to resolve Beard's allegation of prosecutorial misconduct. *See* R. 116 at 1. As the Government points out, *see* R. 117 at 4–5 (Response), though, Beard has not opined regarding what information, if any, AUSA Shannon could be expected to provide. In other words, Beard has not demonstrated that AUSA Shannon's testimony is "vital" to resolving his motion to vacate, set aside, or correct his sentence. Nor has Beard established an inability to prove the same points through other witnesses or alternative sources of evidence. There is no compelling and legitimate need to call AUSA Shannon as a witness.

### IV.

**IT IS HEREBY ORDERED** that Movant/Defendant Barry Kenton Beard's Motion to Disqualify, R. 116, is **DENIED**.

**IT IS SO ORDERED**.

Date:

cc: Counsel of Record