## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CRIMINAL ACTION NO. 5:13-CR-00022-TBR-LLK

UNITED STATES OF AMERICA,                      Respondent/Plaintiff,

v.

BARRY KENTON BEARD,                         Movant/Defendant.

### MEMORANDUM OPINION

In 2014, Barry Kenton Beard pleaded guilty to conspiring to possess methamphetamine for intended distribution, aiding and abetting the possession of methamphetamine for intended distribution, aiding and abetting the maintenance and control of a place for controlled substances, and being a felon in possession of a firearm. Consistent with the parties' plea agreement, the Court sentenced Beard to 180 months imprisonment and five years of supervised release. Now, Beard asks the Court to vacate, set aside, or correct that sentence pursuant to 28 U.S.C. § 2255.

The Court referred Beard's motion to Magistrate Judge Lanny King for his consideration. Without holding a hearing, the Magistrate Judge recommended that the Court deny Beard's motion. Beard objected to the recommended disposition. Reviewing the record anew, the Court found sufficient questions of fact to require an evidentiary hearing. The Court appointed Beard counsel and held a hearing on his motion. With the benefit of that added testimony, the Court agrees with the Magistrate Judge's ultimate conclusion. Therefore, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [R. 108], **OVERRULES** Beard's Objection, [R. 109], and **DENIES** Beard's Motion to Vacate, Set Aside, or Correct Sentence, [R. 97].

I.

A.

In 2013, a grand jury charged Barry Kenton Beard with conspiring to possess methamphetamine for intended distribution, aiding and abetting the possession of methamphetamine for intended distribution, aiding and abetting the maintenance and control of a place for controlled substances, and being a felon in possession of a firearm. [R. 1 at 1–3 (Indictment).] Beard filed a motion to suppress, challenging the validity of the search that led to the indictment. [R. 24 (Motion to Suppress).] The Court scheduled a suppression hearing and referred the matter to Magistrate Judge Lanny King for findings of fact, conclusions of law, and a recommended disposition. [R. 28 (Order of Referral).]

Beard's motion prompted the Government to offer him a deal. In detail, the Government proposed to recommend, at the time of sentencing, a term of imprisonment of 46 months with three years of supervised release. [R. 46 at 6, ¶ 10 (Plea Offer).] The Government's offer was contingent, however, on Beard withdrawing his motion to suppress prior to the scheduled hearing. [R. 132 at 37–38 (Hearing Transcript) (Box's Testimony).] Edward K. Box, who was Beard's attorney at the time, communicated the Government's offer to him. [*Id.* at 9–10 (Beard's Testimony).] Box accurately explained (and Beard understood) the consequences of declining the Government's offer: He faced a possible sentence in excess of 300 months imprisonment, and any future offer would be far less favorable to him. [*Id.* at 11, 15.]

Box advised Beard to accept the Government's offer. [*Id.* at 39 (Box's Testimony).] At first, Beard followed that advice. [*Id.* at 42.] But Beard soon had a

change of heart and, despite Box's counsel, rejected the offered. [*Id.* at 43–45.] Subsequently, the Magistrate Judge held the suppression hearing and recommended that the Court deny Beard's motion to suppress. [R. 39 (Findings of Fact, Conclusions of Law, and Recommendation).] The Court adopted that suggestion, [R. 49 (Memorandum Opinion)], over Beard's objection, [R. 42 (Objection)].

Following the Court's disposition of that motion, the Government extended a second offer to Beard—though, this time, on much less favorable terms. [R. 55 at 4, ¶ 10 (Plea Agreement).] Beard accepted the Government's offer on May 15, 2014. [*Id.* at 1–2.] Consistent with the parties' agreement, the Court sentenced Beard to 180 months imprisonment and five years of supervised release. [R. 75 at 3 (Judgment).] Beard appealed his sentence, which the Sixth Circuit Court of Appeals affirmed by unpublished opinion. [R. 92 at 2–5 (Opinion).]

### B.

Following the conclusion of his direct appeal, Beard filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 97 (Motion to Vacate, Set Aside, or Correct Sentence).] He raised, in pertinent part, an ineffective-assistance-of-counsel claim regarding Box's performance during the plea-negotiation process. [*Id.* at 4–6.] The Court referred Beard's motion to Magistrate Judge King for his consideration. [R. 99 at 1, ¶ 3 (Order of Referral).]

Without holding a hearing, the Magistrate Judge recommended that the Court deny Beard's motion. [R. 108 at 11 (Findings of Fact, Conclusions of Law, and Recommendation).] He concluded that Box had communicated the offer to Beard and had adequately impressed upon him the consequences of rejecting the offer. [*Id.* at 5–6,

¶¶ 1, 6.] In the alternative, the Magistrate Judge found that Beard had waived any claim related to Box's performance by entering a guilty plea. [*Id.* at 7, ¶ 10.]

Beard objected to the recommended disposition. [R. 109 at 1–2 (Objection).] "Reviewing the record with fresh eyes," the Court found sufficient questions of fact to require an evidentiary hearing. [R. 113 at 1 (Order of April 1, 2016) (citing *Pola v. United States*, 778 F.3d 525, 535 (6th Cir. 2015); *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)).] The Court appointed Beard counsel and held a hearing on his motion. [R. 125 (Order of September 7, 2016); R. 130 (Order of January 24, 2017); R. 131 (Order of February 10, 2017).] With the benefit of that added testimony, the Court will address Beard's sole remaining assignment of error.[1]

## II.

It is well settled that this Court must review the objected-to portions of a report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To merit *de novo* review, an objection to the recommended disposition must be specific. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). An objection is specific when "it 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic.'" *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished table decision)). The failure to file specific objections to a magistrate's report generally "constitutes a waiver of those

---

[1] During the hearing, Barry Kenton Beard expressly abandoned his ineffective-assistance-of-counsel claim against his subsequent attorney, Kevin Olson, [R. 132 at 5–6 (Hearing Transcript) (Beard's Testimony)], and his prosecutorial-vindictiveness claim against Assistant United States Attorney Mac Shannon, [*id.* at 27–28].

objections." *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)).

### III.

### A.

Beard takes issue with the Magistrate Judge's recommendation to deny his motion to vacate, set aside, or correct his sentence. [R. 109 at 1–2.] From the outset, it is important to note that Beard's objection is deficient: He does not explain with particularity why any relevant portion of the Magistrate Judge's decision merits review. *See Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002) (filing "vague, general, or conclusory objections" is insufficient to preserve issue for review). Still, the Court will take on the task of resolving Beard's ineffective-assistance-of-counsel claim. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile [28 U.S.C. § 636(b)(1)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").

To warrant relief under 28 U.S.C. § 2255, the movant, such as Beard, must establish either (1) that his conviction resulted from "an error of constitutional magnitude," (2) that the sentence imposed was "outside statutory limits," or (3) that "an error of fact or law . . . was so fundamental as to render the entire proceeding invalid." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). An ineffective-assistance-of-counsel claim under the Sixth Amendment falls within the first of those three categories. *Id.* (citing

5

*Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

To prevail on that claim, the movant must demonstrate (1) that counsel's performance was "deficient" and (2) that he was "prejudiced" as a result. *United States v. Mahbub*, 818 F.3d 213, 230–31 (6th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness.'" *Moreland v. Robinson*, 813 F.3d 315, 328 (6th Cir. 2016) (quoting *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013)). In making that assessment, the movant's attorney enjoys a strong presumption of having "rendered adequate assistance" and having "made all significant decisions in the exercise of reasonable professional judgment." *Pough*, 442 F.3d at 966 (quoting *Strickland*, 466 U.S. at 690). The Court must "take care to avoid 'second-guessing' strategic decisions that failed to bear fruit." *Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). Prejudice, in the context of a lapsed or rejected plea offer, requires the movant to show "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 133, 147 (2012).

Beard alleges that Box's performance during the plea-negotiation process fell below an objective standard of reasonableness. [R. 135 at 8–10 (Beard's Post-Hearing Memorandum).] He faults Box for failing to communicate how the Government's original offer was "exceptional" and why moving forward with the suppression hearing (and rejecting that offer) was contrary to his best interests. [*Id.* at 8–9.] The Court disagrees.

6

During the evidentiary hearing, Box and Beard presented two distinct stories. The way Beard tells things, Box failed to inform him that rejecting the Government's offer was against his best interests, [R. 132 at 14–15, 23–24 (Beard's Testimony)], and that future offers, if any, would not be as generous, [*id.* at 13–15]. But Box paints a different picture. He advised Beard that, in his professional opinion, Beard "should accept the offer," [*id.* at 39, 55–56 (Box's Testimony)], and explained the consequences of declining it, including the possible sentence Beard faced and the strength of the Government's case, [*id.* at 38–39, 44–45].

The Court finds Box's account more credible than Beard's testimony. Box is a capable attorney with almost three decades of experience. [*Id.* at 33.] He thoroughly explained the obstacles that Beard faced in future plea negotiations and at trial. [*Id.* at 34–38.] He advised Beard to accept the Government's exceptional offer. [*Id.* at 38–39, 55–56.] Nonetheless, Beard chose to take his chances and proceed with the suppression hearing anyway.[2] [*Id.* at 55–56.] Beard's knowing and voluntary decision must be respected, "painful though the effects of that decision now may be." *Christopher v. United States*, 831 F.3d 737, 740 (6th Cir. 2016). Box's counsel was more than adequate, and so Beard is not entitled to relief. *See Newland v. United States*, 443 F. App'x 934, 935 (6th Cir. 2011); *Thompson v. United States*, 88 F. App'x 63, 67–68 (6th Cir. 2004).

---

[2] In his papers, Beard attributes much to Edward K. Box's failure to memorialize Beard's rejection of the Government's offer. [R. 135 at 3, 8–9 (Beard's Post-Hearing Memorandum).] But Box testified that sending written correspondence of that sort was not part of his ordinary practice. [R. 132 at 46–47 (Box's Testimony).] "While attorneys would be well advised to note significant communications with clients in their files, particularly in this era of an ever increasing number of *Strickland* claims and bar complaints, the absence of such documentation does not constitute *per se* ineffectiveness." *Ashley v. United States*, 17 F. App'x 306, 309 (6th Cir. 2001).

**B.**

Having disposed of Beard's objections on the merits, the Court must resolve one final procedural issue. "Under the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding" in the absence of a "certificate of appealability." *Welch v. United States*, ⸺ U.S. ⸺, ⸺, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)).  To obtain a certificate of appealability, the movant must "make a substantial showing that [he has] been denied a constitutional right." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (citing 28 U.S.C. § 2253(c)(2)).  Such a "substantial showing" requires the movant to "demonstrate that 'jurists of reason could disagree with the [Court's] resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Kissner v. Palmer*, 826 F.3d 898, 901 (6th Cir. 2016) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

The Magistrate Judge saw no reason to recommend that a certificate of appealability should issue as to any claim raised in Beard's motion.  The Court concurs.  Because reasonable jurists could not find the resolution of any claim in Beard's motion "debatable or wrong," no certificate of appealability shall issue.

**IV.**

The Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [R. 108], **OVERRULES** Beard's Objection, [R. 109], and **DENIES** Beard's Motion to Vacate, Set Aside, or Correct Sentence, [R. 97].

9

A Certificate of Appealability is **DENIED** as to each claim asserted in Beard's Motion to Vacate, Set Aside, or Correct Sentence.

A separate order and judgment shall issue.

Date:

cc:    Counsel of Record