UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:13-CR-00022-TBR

BARRY KENTON BEARD                                            MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                            RESPONDANT/PLAINTIFF

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Motion for Leave of Court to Allow Supplemental Grounds with Grounds So Attached for Review filed by Movant/Defendant, Barry Kenton Beard. (R. 144). The United States has responded, and Beard has replied. (R. 152: R. 159). Pursuant to Order of the United States Court of Appeals for the Sixth Circuit, the instant Motion has been remanded for consideration "as a post-judgment motion to amend under Rules 59 and 60 of the Federal Rules of Civil Procedure." (R. 154). This Court referred the matter to Magistrate Judge King for a Report and Recommendation. (R. 160). A Report and Recommendation has been issued, and Beard filled an objection. (R. 161). The Matter is now ripe for adjudication. For the foregoing reasons, the Court DENIES Beard's Motion for Leave of Court to Allow Supplemental Grounds with Grounds So Attached for Review, (R. 144) .

**BACKGROUND**

Authorities executed a search warrant on December 15, 2012, at Beard's home and discovered a quantity of methamphetamine and a firearm. Arguing that it was invalid, Beard moved to suppress all fruits of the search. (R. 24, Defendant's Memorandum in Support of His Motion to Suppress). The Court held a suppression hearing on October 29, 2013. The Court subsequently denied Beard's Motion to Suppress. (R. 49, Memorandum Opinion and Order).

1

After the Court denied Beard's Motion to Suppress, he signed a plea agreement in which he plead guilty to all four charges against him. (R. 55, Plea Agreement). However, on July 22, 2014, after dismissing his first court appointed counsel, Edward Box, Beard moved *pro se* to withdraw his guilty plea. (R. 69, Pro Se Letter).

On August 15, 2014, the Court convicted and sentenced Beard on three methamphetamine counts and one count of being a felon in possession of a firearm. (R. 75 Judgment). Beard had three prior violent felony convictions: (1) Livingston Circuit Court Case No. 88-CR-34, Burglary, 1st Degree, (2) Crittenden Circuit Court Case No. 90-CR-20, Burglary, 1st Degree, and seven counts of Burglary, 3rd Degree, and (3) Crittenden Circuit Court Case No. 01-CR-14, Enhanced Aggravated Assault, 4th Degree -- Spouse Abuse. (R.70, Presentencing Report, ¶ 43). As such, pursuant to 18 U.S.C. § 924(e)(1), the Court imposed upon Beard a 15-year sentence enhancement for being an armed career criminal. (R. 75 Judgment). At this point, Beard was represented by his second court appointed counsel, Kevin Olsen.

On August 25, 2014, Beard filed a notice of appeal informing the Court that he was dissatisfied with Olsen. (R. 79, Notice of Appeal). Olsen was dismissed, and the United States Court of Appeals for the Sixth Circuit appointed Paul Neel, Jr. as counsel. (R. 81, Letter from USCA-6 at 546). Neel filed a motion to withdraw and indicated no colorable issues on appeal. The Sixth Circuit granted this motion. (R. 92, USCA-6 Opinion and Order at 602).

On August 17, 2015 Beard filed a Motion to Vacate under U.S.C. § 2255. He sought relief on three grounds: (1) ineffective assistance of counsel during plea negotiations because Box mishandled the plea-negotiation process and the suppression hearing, (2) ineffective assistance of counsel during sentencing because Kevin Olsen, his second court appointed attorney, allowed the Court to present an incorrect sentencing report, and (3) prosecutorial misconduct because the Court

imposed an illegal 15-year sentence based on evidence that should have been suppressed. (R. 97, Motion to Vacate).

On February 9, 2017, the Court held an evidentiary hearing on Beard's Motion to Vacate. (R. 132 Transcript of Evidentiary Hearing). Beard was represented by Andrew Coiner. During the hearing, Beard abandoned the second and third grounds for relief asserted in his Motion. (*Id.*). The Court subsequently denied Beard's § 2255 Motion to Vacate. (R. 137 Order and Judgment at 846). With its ruling, the Court also denied Beard a certificate of appealability ("COA"). *(Id.).*

Pursuant to Federal Rule of Civil Procedure 59(e), Beard then moved to alter the Court's judgment to include a COA. (R. 138 Defendant's Rule 59(e) Motion to Alter or Amend Judgment to Include Certificate of Appealability). The Court denied Beard's 59(e) Motion, concluding that reasonable jurists could not disagree with Court's denial of Beard's § 2255 Motion to Vacate. R. 145 Memorandum Opinion and Order). Beard then filed the instant Motion for Leave of Court to Allow Supplemental Grounds with Grounds so Attached for Review. Before, the Court ruled on that Motion, Beard appealed the Court's denial of his 59(e) Motion concerning the COA. (R. 147 Notice of Appeal). The Court then concluded that Beard's Motion for Leave of Court to Allow Supplemental Grounds with Grounds so Attached for Review constituted a successive § 2255 motion. (R. 153 Order at 909). Accordingly, the Court transferred that Motion to the Sixth Circuit. (*Id.*). The Sixth Circuit affirmed the Court's ruling on the COA. (R. 154, Order of United States Court of Appeals). However, citing *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014), the Sixth Circuit remanded Beard's Motion for Leave of Court to Allow Supplemental Grounds with Grounds so Attached for Review. (*Id.*). In remanding, the Sixth Circuit instructed the Court to consider Beard's Motion for Leave of Court to Allow Supplemental Grounds with Grounds so

3

Attached for Review as a post-judgment motion to amend under Federal Rules of Civil Procedure 59 and 60. (*Id.*).

Upon remand, the Court referred the matter to Magistrate Judge King. (R. 160). Judge King recommends that Beard's Motion be Denied. (R. 161, Report and Recommendation). Beard objects. (R. 163, Objection to Report and Recommendation). After, a de novo review, this Court adopts Judge King's Report and Recommendation and denies Beard's Motion for the reasons set forth below.

**LEGAL STANDARD**

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Under Federal Rule of Civil Procedure 60(b), a party must show either: mistake under subsection (1); newly discovered evidence under subsection (2); fraud under subsection (3); show that the judgment is void as required by subsection (4); show that the judgment should not have prospective application as required by subsection (5); or show any exceptional circumstances justifying relief under subsection (6), in order to receive relief from judgment. FRCP 60(b); *Walker v. Lifeskills, Inc.*, 56 Fed. Appx. 251 (6th Cir. 2003). However, "[t]he

standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998). One of the six (6) specified circumstances must exist for the Court to even consider granting such relief. *Id.*

**DISCUSSION**

Beard's Motion concerns two allegedly new pieces of evidence. Beard claims the two new pieces of evidence respectively prove two things: first, contrary to his conviction, he was not in possession of the firearm in question, and second, his Presentencing Report was incorrect. Based on the new evidence, Beard brings two new grounds for relief. First, Beard claims that his appellate counsel, Paul Neel, was ineffective for not raising on appeal Mr. Olsen's ineffectiveness for advising Beard to plead guilty to the firearm charge and for not objecting to Beard being sentenced as career criminal. Second, Beard claims Andrew Coiner, who represented Beard at the § 2255 evidentiary hearing, was ineffective for advising Beard to abandon his ineffective assistance of counsel claims against Olsen at the hearing.

As an initial matter, the Court notes that Beard's Motion was written and submitted as a Motion for Leave of Court to Allow Supplemental Grounds with Grounds So Attached for Review. As such, the Motion contains new claims of ineffective assistance of counsel and new theories to support those claims. However, the Court has been instructed to consider Beard's Motion as a as a post-judgment motion to amend under Rules 59 and 60 of the Federal Rules of Civil Procedure, and "[a] motion for reconsideration based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time." *Dean v. Bay City*, 239 Fed. Appx. 107, 111 (6th Cir. 2007). As such, the Court will not consider the new claims or theories of ineffective assistance of counsel raised by Beard's Motion. Instead, as instructed by Sixth Circuit, the Court will consider Beard's Motion under Rules 59(e) and 60.

5

Considering Beard's Motion under Rules 59(e) and 60, the Court agrees with Judge King's Report and Recommendation that, based on Beard's Motion, post-judgment relief is plausible only under a theory of newly discovered evidence or a need to prevent manifest injustice. Beard is entitled to relief under neither theory under neither Rule.

A. The Evidence Attached to Beard's Motion Does Not Constitute Newly Discovered Evidence Because It was Previously Available.

"To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence 'must have been previously unavailable.'" *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Similarly, under Rule 60(b)(2), a party is entitled to relief based only on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To prevail, a "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (alteration in original) (citation and internal quotation marks omitted). The evidence attached to Beard's Motion satisfies the requirements of neither Rule.

Beard attaches two pieces of evidence to his Motion. The first appears to be a single page taken out of a report made by the Bureau of Alcohol, Tobacco, Firearms and Explosives. The page is an incomplete summary of Beard's prior arrests and convictions. It is signed and dated February 19, 2013—prior to Beard's change of plea, conviction, and sentencing.

The second piece of evidence is a single page from a transcript of an interview between Brittany Beard, Barry Beard's daughter, and the authorities. The original transcript is twenty-one pages. On the one page Beard attached, Beard's daughter claims that she bought the gun with

Beard's money, but that she did not buy the gun for Beard. The interview was conducted at Barry Beard's residence on the date of his arrest, December 15, 2012—prior to Beard's change of plea, conviction, and sentencing.

As made clear by Beard's own Motion, both pieces of evidence were available to Beard prior to his change of plea and sentencing. Furthermore, the Court is not satisfied that the evidence clearly would have produced any different result in Beard's case if it was presented prior to judgment. Thus, Beard's evidence is not newly discovered so as to grant him relief as contemplated by Rules 59(e) and 60(b).

B. Beard's Motion does Not Demonstrate that He has Been Subject to Manifest Injustice.

Beard's attached evidence does not prove that he was not in possession of the firearm at issue. Nor does it prove that he was wrongly sentenced as an armed career criminal. Therefore, Beard's motion fails to demonstrate that he has been subject to manifest injustice of the kind which would entitle him to relief under Rule 59(e) or 60.

Out the outset, to the extent that Beard claims he did not posses the firearm, that claim is procedurally defaulted. The time for Beard to claim that he did not possess the firearm was prior to pleading guilty to that offense. The Sixth Circuit held that the transcript of the change of plea hearing "shows that the decision to plead guilty was voluntary and [Beard] acknowledged sufficient factual basis for his plea."

Even if Beard's claim was not procedurally defaulted, the evidence presented fails to demonstrate that he was the victim of manifest injustice because it does not establish that Beard was not in possession of the firearm. The possession element of an 18 U.S.C. § 922(g) conviction "may be based on actual or constructive possession of a firearm." United States v. Horton, __ F. App'x __, Case No. 17-6220, 2018 WL 3620727, at *3 (6th Cir. July 30, 2018) (quoting United

7

States v. Campbell, 549 F.3d 364, 374 (6th Cir. 2008)). "Actual possession requires that a defendant have immediate possession or control of the firearm, whereas constructive possession exists when the defendant 'does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others.'" *Id.* (quoting *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007)). Direct or circumstantial evidence may support a finding of possession. *Id.*

Here, the Court first notes that the single transcript page is separated from its other twenty-two pages, making it entirely devoid of context. But to the extent that it may be capable of establishing anything, it does not establish that Beard was not in possession of the firearm. Beard's daughter claims that Beard was not the firearm's owner. Ownership is not a requirement of possession. The transcript page does nothing to negate constructive ownership of which there is strong circumstantial evidence—Beard's money purchased the firearm, and it was in his home.

Beard's contention that he was wrongly sentences as an armed career criminal is equally unpersuasive. Beard's Motion seemingly claims that the Presentencing Report was incorrect because he did not have three prior violent felony convictions. But in Beard's Objection to Magistrate Judge King's Report and Recommendation, he claims that the Presenting is incorrect because it treats one occurrence as multiple. Both arguments are unavailing.

The only evidence offered to prove that the presentencing report was incorrect is a single unidentified page from what appears to be a Bureau of Alcohol, Tobacco, Firearms and Explosives investigation. The page lists some of Beard's past convictions. But the list is incomplete, and in no way invalidates the Presentencing Report, which lists the three violent felonies that resulted in Beard being sentenced as an armed career criminal: (1) Livingston Circuit Court Case No. 88-CR-34, Burglary, 1st Degree., (2) Crittenden Circuit Court Case No.

90-CR-20, Burglary, 1st Degree, and seven counts of Burglary, 3rd Degree and (3) Crittenden Circuit Court Case No. 01-CR-14, Enhanced Aggravated Assault, 4th Degree -- Spouse Abuse. (R.70, Presentencing Report, ¶ 43). Beard committed three violent felonies. As such, his sentence enhancement as a armed career criminal was proper. There is no manifest injustice for the Court to correct. Beard's Motion is Denied.

**CONCLUSION**

The Court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation and the Objection filed thereto. It concludes that Movant/Defendant Barry Kenton Beard is not entitled to relief under either Rule 59(e) nor Rule 60.

For the reasons stated herein, **IT IS HEREBY ORDERED** that the Court **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation submitted by the Unite Sates Magistrate Judge, (R. 161).

**IT IS FURTHER ORDERED** that Beard's Motion for Leave of Court to Allow Supplemental Grounds with Grounds So Attached for Review, (R. 144), is **DENIED**.

An appropriate Judgment will issue separately in conjunction with this Order.

**IT IS SO ORDERED.**

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

February 8, 2019

cc.    Barry Kenton Beard
14941-033
BUTNER
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 1600
BUTNER, NC 27509
PRO SE